UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MONTEZ PARROTT,
    Petitioner,

vs.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-382

Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate at London Correctional Institution in London, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the judgment of conviction and sentence entered by the Warren County, Ohio, Court of Common Pleas in Case No. 10-CR-26691. (*See* Doc. 3, at PAGEID#: 17).[1] The respondent has filed a motion to transfer the action to the United States Court of Appeals for the Sixth Circuit on the ground that the petition is "successive" within the meaning of 28 U.S.C. § 2244(b). (Doc. 8).[2] Petitioner has filed a "traverse" brief in response to the motion to transfer. (Doc. 9).

**I. BACKGROUND**

**State Court Proceedings: May 2010-April 2013**

In May 2010, the Warren County grand jury returned an indictment in Case No. 10-CR-26691 charging petitioner with three counts of aggravated robbery in violation of Ohio Rev. Code

---

[1] It appears from the present record that petitioner is also in state custody pursuant to a judgment of conviction and sentence for aggravated robbery, kidnapping and a weapons offense, which was entered by the Hamilton County, Ohio, Court of Common Pleas in Case No. B-0906311-A. (*See* Doc. 8, p. 2 n.1, at PAGEID#: 236). Petitioner is not challenging that judgment entry in the instant action.

[2] Respondent has also separately filed 39 exhibits obtained from the underlying state-court record and the record pertaining to petitioner's prior federal habeas corpus petition as support for the motion to transfer. (Doc. 7).

§ 2911.01(A)(1), with attached firearm specification; three counts of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(2); and one count of having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A)(2). (*See* Doc. 7, Ex. 2). The charges involved allegations that on May 4, 2009, the petitioner and two co-defendants entered "Game Stop" in Warren County and, while inside, "displayed a handgun, a firearm, and proceeded to take property from . . . three victims, who were employees of the Game Stop." (*See id.*, Ex. 39, at PAGEID#: 230).

On February 24, 2011, petitioner entered a guilty plea to the three aggravated robbery counts in exchange for the dismissal of the firearm specification attached to those counts and the kidnapping and weapons charges, as well as an agreed-to aggregate prison sentence of twelve (12) years. (*See id.*, Exs. 4, 5).[3] The trial court issued the final judgment entry of sentence on February 24, 2011. (*Id.*, Ex. 5). Petitioner did not pursue an appeal from that entry in the state courts. (*See* Doc. 8, p. 3, at PAGEID#: 237).

Instead, nearly a year and a half later, on July 10, 2012, petitioner filed a *pro se* motion with the trial court requesting that concurrent sentences be imposed. (*Id.*, Ex. 6). On August 10, 2012, the trial court denied petitioner's motion, reasoning in pertinent part as follows:

> First, the defendant was sentenced pursuant to an agreed sentence. He seems to argue that merger should apply pursuant to §2941.25(A) O.R.C. However, there were three separate victims of the robbery here and pursuant to §2941.25(B) O.R.C., where two or more offenses of the same or similar kind are committed separately or with a separate animus to each, the defendant may be convicted of all of them. Therefore, the merger doctrine does not apply. The defendant was

---

[3] The agreed-to sentence consisted of consecutive 4-year prison terms for each aggravated robbery offense. (See Doc. 7, Ex. 5).

properly sentenced pursuant to the law. . . .

(*Id.*, Ex. 8).

In November 2012, petitioner attempted to appeal the trial court's decision by filing a notice of appeal and motion for leave to file a delayed appeal with the Ohio Court of Appeals, Twelfth Appellate District. (*Id.*, Exs. 9-10, 12). The court denied the motion on December 12, 2012. (*Id.*, Ex. 12). Petitioner appealed that ruling to the Ohio Supreme Court, which issued an entry on April 24, 2013 declining to accept jurisdiction of the appeal. (*See id.*, Exs. 13-14, 16).

### Federal Habeas Petition: June 2013-October 2014

On June 13, 2013, petitioner filed a *pro se* federal habeas corpus petition with this Court. (Doc. 7, Ex. 17). In the case entitled *Montez Parrott v. Warden, Lebanon Corr. Inst.,* Case No. 1:13-cv-409 (S.D. Ohio) (Barrett, J.; Bowman, M.J.), petitioner presented three claims challenging the judgment of conviction and sentence entered by the Warren County Common Pleas Court in Case No. 10-CR-26691. In the three grounds for relief, petitioner essentially challenged the trial court's failure to merge his convictions as allied offenses of similar import under Ohio Rev. Code § 2941.25, which he claimed resulted in the imposition of multiple punishments for the same offense in violation of the Constitution's Double Jeopardy Clause. (*See id.*, at PAGEID#: 105-09).

On March 27, 2014, the District Court issued an Order and Judgment adopting the magistrate judge's Report and Recommendation to grant the respondent's motion to dismiss the petition with prejudice on the ground that the petition was barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (*See id.*,

3

Exs. 18-20). Petitioner attempted to appeal the district court's decision to the Sixth Circuit. (*See id.*, Ex. 21). However, on October 30, 2014, the circuit court denied a certificate of appealability because "no reasonable jurist could find [the District Court's] decision debatable" under the applicable standard set forth in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), for review of dismissals of habeas petitions on procedural grounds. (*See id.*).

### State Motion To Merge Sentence: December 2014-September 2015

On December 29, 2014, petitioner filed another *pro se* motion with the trial court requesting that his convictions for aggravated robbery be merged as allied offenses of similar import under Ohio Rev. Code § 2941.25. (Doc. 7, Ex. 22). In an entry filed on January 23, 2015, the trial court denied the motion, reasoning as follows:

> First, the Court notes that the Defendant has previously filed a motion arguing that the doctrine of merger should be applied, which this Court considered in its entirety and denied in a decision filed August 12, 2012. As stated in that decision, the doctrine of merger does not apply to this case pursuant to R.C. 2941.25(B), as there were three separate victims and a separate animus as to each victim. Therefore, this case falls within the doctrine of res judicata and will not be re-examined.

(*Id.*, Ex. 24).

Petitioner appealed to the Ohio Court of Appeals, Twelfth Appellate District, which affirmed the trial court's judgment. (*Id.* Ex. 29). In so ruling, the court determined that (1) petitioner could be convicted of the multiple counts of aggravated robbery involving three different victims, and (2) petitioner's post-conviction motion was "barred by the doctrine of res judicata." (*Id.*). On September 30, 2015, the Ohio Supreme Court declined to accept petitioner's appeal from the appellate court's decision.

4

(*See id.*, Exs. 30-31, 33).

**II. Current Federal Habeas Petition**

The instant *pro se* petition for federal habeas relief was filed in March 2016 and is the second petition that petitioner has filed with this Court wherein he seeks to challenge the judgment of conviction and sentence entered by the Warren County Common Pleas Court in Case No. 10-CR-26691. (*See* Doc. 3). In the petition, petitioner asserts the following claim as the sole ground for relief:

> The trial court committed plain error . . . when it sentenced defendant to multiple sentences for allied offenses of similar import pursuant to R.C. 2941.25(A).

(*Id.*, at PAGEID#: 20).

Respondent has filed a motion to transfer the petition to the Sixth Circuit because the pleading constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b), which this Court lacks jurisdiction to consider. (Doc. 8, pp. 7-9, at PAGEID#: 241-43). In his "traverse" brief filed in response to respondent's motion, petitioner only asserts arguments pertaining to the merits of his underlying claim for federal habeas relief and does not address the successive-petition issue raised by respondent in the pending motion. (*See* Doc. 9).

**III. OPINION**

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United

5

States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.*

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Courts have held that a later petition is not successive where the first petition was dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder,* 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or

provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey,* 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

In contrast, when a prior petition is dismissed because the petitioner's grounds for relief were procedurally defaulted in the state courts, the dismissal qualifies as a decision "on the merits." In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998). Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief. *See, e.g., McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to the Sixth Circuit as a successive petition).[4]

---

[4] *Contrast Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, ...

The Supreme Court has held that a habeas corpus petition is not successive and, therefore, § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *See Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010). Although the *Magwood* Court expressly declined to address whether the petitioner is allowed to challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" in the subsequent application, *see id.* at 342 (emphasis in original), the Sixth Circuit has recently held that "a new judgment" entered following an intervening proceeding, such as resentencing, "permits the inmate to challenge the original conviction," as well as the intervening new judgment, "without clearing the second-or-successive hurdles." *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015), *reversing*, No. 1:12cv2000, 2013 WL 5531365 (N.D. Ohio Sept. 26, 2013); *see also In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016).[5]

---

is not the equivalent of a successive habeas petition").

[5] It is noted that in an unpublished decision filed after *King*, but before *In re Stansell*, the Sixth Circuit pointed out that *King* "did not exclude the possibility that minor amendments to a judgment, such as those that correct clerical or technical errors while leaving a petitioner's conviction and sentence intact, may not create a new 'judgment' within the meaning of *Magwood*." *Askew v. Bradshaw*, 636 F. App'x 342, 348 (6th Cir. 2016). In so emphasizing, the court stated: "Indeed, in *In re Mackey*, No. 13-3072 (6th Cir. June 26, 2014), we held in an unpublished order that an Ohio court's reopening of a petitioner's sentence merely to enter post-release conditions of control was a simple 'correct[ion] [of] a technical error' that did not save the petitioner's subsequent second-in-time habeas application from the requirements of 28 U.S.C. § 2244(b)." *Id. Askew* was recently undercut by the Sixth Circuit in *In re Stansell* to the extent that the Sixth Circuit expressly rejected the State's arguments that "only a full resentencing results in a new judgment" and that amendments to post-release control are merely "ministerial change[s]" or "technical correction[s]" that "do not alter the substance of [the petitioner's] sentence and thus do[] not create a new judgment." *In re Stansell*, 828 F.3d at 417. In the later published decision, the Sixth Circuit held that even in cases where a sentence is only partially vacated and remanded for resentencing for the sole purpose of adding a term of post-release control, the change in sentence is a new judgment that does not implicate successive-petition concerns. *See id.* at 418. In so ruling, however, the court emphasized that "we do not imply that *any* change to a petitioner's sentence reopens the door to successive habeas filings; we hold only that a partial resentencing that results in the imposition of post-release control is the *type* of change that creates a new judgment for purposes of the second or successive bar." *Id.* at 419 (emphasis in original).

This case is distinguishable from *King, In re Stansell* and *Magwood*. Here, it is clear from the face of the petition that petitioner is attacking the same conviction and prison sentence that he challenged in his prior federal habeas petition and that has remained in effect since final judgment was entered in the underlying state criminal proceeding in February 2011. It is also clear that no "new judgment" has been entered by the state courts in the proceedings on petitioner's motion to merge sentence filed in December 2014 after the adjudication of petitioner's prior habeas petition. In contrast to *King, In re Stansell* and *Magwood*, which involved changes in the petitioner's sentence that occurred between habeas proceedings, petitioner's motion to merge sentence was *denied* without any changes made to petitioner's original sentence. Therefore, this case does not involve any intervening "new judgment" that falls within the exception recognized in *King, In re Stansell* and *Magwood* for bypassing the requirements governing second or successive petitions that is set forth in 28 U.S.C. § 2244(b).

In this case, the undersigned concludes that petitioner's *pro se* petition for a writ of habeas corpus is "successive" within the meaning of § 2244(b) because petitioner's prior habeas petition was adjudicated on the merits and petitioner is not contesting any "new judgment" in this proceeding. The ground for relief raised in the instant petition was presented in petitioner's prior habeas petition and, therefore, falls within the category of successive claims that may be dismissed under § 2244(b)(1). Even assuming petitioner has posited a new claim for relief in the instant petition, the claim is successive under § 2244(b)(2) because (1) petitioner has not shown the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (2) that the factual basis for the new claim could not have been discovered previously through the exercise

9

of due diligence, **and** is sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offenses. Therefore, petitioner has not satisfied the jurisdictional standards set forth in § 2244(b), which would permit this Court to review the instant petition.[6]

Accordingly, in sum, because the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.,* No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted,* 2015 WL 1212556 (S.D. Ohio Mar. 16,

---

[6] Petitioner may argue that his claim for relief is not successive to the extent he is challenging the state courts' refusal to grant his December 2014 motion to merge sentences and thus is asserting a claim that was not available when the prior habeas petition was adjudicated. However, such a claim does not constitute a cognizable ground for federal habeas relief. The federal habeas court has jurisdiction to review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Moreover, "the writ of habeas corpus is not the proper means by which prisoners can challenge errors or deficiencies in state post-conviction proceedings, . . . which address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration." *See, e.g., Dickey v. Warden, Lebanon Corr. Inst.,* No. 1:08cv819, 2010 WL 92510, at *1, *10 (S.D. Ohio Jan. 6, 2010) (Beckwith, J.; Black, M.J.) (citing *Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. 1986); *Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007); *Roe v. Baker,* 316 F.3d 557, 571 (6th Cir. 2002); *Alley v. Bell,* 307 F.3d 380, 386-87 (6th Cir. 2002)). Any error by the state courts in ruling on petitioner's post-conviction motion, which was filed over three years after he was convicted and sentenced upon entry of his guilty plea to the aggravated robbery charges, does not implicate constitutional concerns and, in any event, involves a "collateral matter" that falls outside the scope of federal habeas review. *Cf. id.* (involving claims of error that allegedly occurred on appeal from the denial of the petitioner's post-sentence motion to withdraw his guilty plea); *Brown v. Warden, Lake Erie Corr. Inst.,* No. 1:11cv2765, 2014 WL 132367, at *1, *17-18 (N.D. Ohio Jan. 14, 2014) (and cases cited therein) (involving claim challenging the denial of a motion for new trial based on new evidence without a hearing).

2015) (Economus, J.). Therefore, it is **RECOMMENDED** that respondent's motion to transfer the instant petition to the Sixth Circuit for review and determination whether this Court should be granted authorization to entertain it (Doc. 8) be **GRANTED**.[7]

### IT IS THEREFORE RECOMMENDED THAT:

Respondent's motion to transfer the petitioner's *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 to the Sixth Circuit as a successive petition within the meaning of 28 U.S.C. § 2244(b) (Doc. 8) be **GRANTED**.

Date: 12/5/16

Karen L. Litkovitz
United States Magistrate Judge

---

[7] It is noted that petitioner faces another significant procedural hurdle because, like his prior petition, the instant petition appears to be time-barred under the applicable one-year statute of limitations governing federal habeas petitions that is set forth in 28 U.S.C. § 2244(d). However, because this Court lacks jurisdiction to consider petitioner's successive petition, the undersigned will not address the statute-of-limitations issue in this Report and Recommendation.

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MONTEZ PARROTT,
Petitioner,

vs

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:16-cv-382

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc